United States District Court
Southern District of Texas
**ENTERED**
May 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TUNJI J., | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-03176 |
| | § | |
| FRANK BISIGNANO, | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |
|    *Defendant*. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss.[1]  ECF 11.  Defendant seeks dismissal for failure to state a claim because Plaintiff has not exhausted the Social Security Administration's ("SSA") four-step administrative review process. For the reasons discussed below, the Court RECOMMENDS that the Motion (ECF 11) be GRANTED and the action be DISMISSED WITHOUT PREJUDICE.

### I.    **Factual and Procedural Background.**

Plaintiff seeks judicial review of the Administrative Law Judge's ("ALJ") fully favorable, 2018 decision that found he was not required to reimburse the SSA for a purported overpayment of Supplemental Security Income ("SSI") benefits. ECF 12; ECF 12-1.  Plaintiff, proceeding pro se, alleges the SSA located a bank

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 5.

account in his name holding $999,999.99 but his disabled status prevents him from accessing it. ECF 8 at 4. Plaintiff frames his complaint as a request for judicial review, but he ultimately seeks a determination that he is not disabled and an order that the SSA provide him documents allowing him access to the account. *Id.* at 4-5.

Plaintiff initiated this lawsuit in July 2025. ECF 1. Defendant moved for a more definite statement because the original complaint failed to identify the final decision for judicial review, and the Court ordered Plaintiff to amend his complaint. ECF 6; ECF 7. Plaintiff the filed a document in response, which the Court construed as his amended complaint. ECF 8; ECF 9. Defendant then filed a Motion to Dismiss for failure to state a claim (ECF 11), to which Plaintiff responded. ECF 12. The Motion is ripe for adjudication.

### II.   Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."

*Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

### III.   Analysis.

Judicial review of decisions arising under the Social Security Act is governed by 42 U.S.C. § 405(g).  *See Chambers v. Kijakazi*, 86 F.4th 1102, 1106 (5th Cir. 2023) (explaining the statutory grant of jurisdiction).  Section 405(g) restricts judicial review to a "final decision of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g).  This provision contains "a jurisdictional requirement that claims

be presented to the agency . . . [and] a waivable requirement that the administrative remedies prescribed by the [Commissioner] be exhausted." *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (cleaned up).  To fully exhaust a claim, claimants must proceed through four stages of administrative review: (1) an initial determination of eligibility, (2) reconsideration of the initial determination, (3) hearing before an ALJ, and (4) Appeals Council review of the ALJ decision.  20 C.F.R. § 404.900(a).  *See also Smith*, 587 U.S. at 475–76.  An SSA decision becomes final and reviewable when the Appeals Council either denies a request for review or grants the request and issues a decision.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

Although it is not clear from Plaintiff's operative pleading (ECF 8), his Response[2] indicates he seeks review of the ALJ's 2018 decision that found he was not required to repay an overpayment of SSI benefits.[3]  ECF 12-1.  Plaintiff alleges he requested Appeals Council review of the ALJ's 2018 decision on February 24, 2026, the same day he filed his Response.  ECF 12 at 2; ECF 12-1 at 1.

Plaintiff's pleadings indicate that he did not exhaust the SSA's administrative procedures prior to seeking judicial review of the 2018 ALJ decision.  Regardless of

---

[2] The Court considered the documents attached to the Response because they shed light on Plaintiff's convoluted pleadings and Plaintiff directly references them in the filing deemed to be his amended complaint.

[3] The ALJ concluded the overpayment was not properly assessed because it was based on false information Plaintiff provided claiming he earned $950,000.  ECF 12-1 at 9.  The ALJ further found Plaintiff was not materially at fault for triggering the overpayment because his disability, schizophrenia, caused his false financial statements.  *Id.*

the untimeliness of his request for review, he has not alleged that he received a denial of his request for review or an Appeals Council decision. Therefore, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust the SSA's administrative review process. *See Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (explaining that dismissal under Rule 12(b)(6) for failure to exhaust must be without prejudice to the claimant's right to return to court after exhausting the administrative process).

## IV.     Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion (ECF 11) be GRANTED and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 26, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge