United States District Court
Southern District of Texas
ENTERED
July 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TUNJI J., *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-03176 |
| | § | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

On June 12, 2026, the District Judge adopted the Magistrate Judge's Memorandum and Recommendation (ECF 13) and dismissed Plaintiff's claims without prejudice.[1] ECF 14. Plaintiff filed a Motion To Proceed In Forma Pauperis On Appeal and a Motion to Seal. ECF 16. The Court now recommends that Plaintiff's Motions (ECF 35) be DENIED.

Rule 24(a) of the Federal Rules of Appellate Procedure governs Plaintiff's Motion for Leave to Proceed In Forma Pauperis (IFP):

> (a) Leave to Proceed In Forma Pauperis.
>
> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> (B) a statute provides otherwise.

FED. R. APP. P. 24. *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

The District Judge granted Plaintiff's application to proceed in forma pauperis in the District Court action (ECF 1), so Plaintiff's Motion is governed by the Rule 24(a)(3) and § 1915(a)(3) standard. An appeal is taken in good faith if a party seeks appellate review on a legal point arguable on its merits such that it is not frivolous. *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983). Therefore, an investigation

into good faith requires "a brief inquiry into the merits of an appeal" without addressing the probability of success. *Id.* at 220. *See also Baugh v. Taylor*, 117 F.3d 197, 201–02 (5th Cir. 1997).

The Court finds that there are no good faith issues for appeal that would warrant IFP under Rule 24(a)(3). As mentioned in the adopted Memorandum and Recommendation, the Court dismissed Plaintiff's claims because he failed to exhaust the Social Security Administration's administrative processes as required in order to seek judicial review of an SSA decision. ECF 13 at 4-5; 42 U.S.C. § 405(g). Plaintiff's Motion does not address this issue and instead seeks appeal "due to technical issues," including complaining that Judge Lee Rosenthal gave Plaintiff until July 13, 2026 to produce documents showing the SSA is aware of a bank account in his name containing $999,999.99. ECF 16 at 2. This matter is before Judge Charles Eskridge, not Judge Rosenthal, and the rest of Plaintiff's Motion is incoherent and fails to identify a legal point of appeal. Beyond the lack of legal basis for appeal, Plaintiff's claims, that the SSA is preventing him from accessing a secret bank account in his name containing a million dollars (ECF 1; ECF 16), are factually fanciful, fantastic, and delusional.[2] *See Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.

[2] These claims are similar to prior claims Plaintiff made on tax returns and to the SSA that he had a trust fund containing $950,000, which the SSA determined was a false, grandiose statement caused by Plaintiff's schizophrenic delusions. ECF 12-1. Plaintiff attached records of the SSA decision to his Response to Defendant's Motion to Dismiss. ECF 12-1.

1995) (defining frivolousness in the IFP context). Furthermore, Plaintiff attached as an exhibit an application to proceed in forma pauperis which at least facially[3] indicates Plaintiff would not be eligible to proceed IFP due to his considerable claimed income. ECF 16-1.

As to the motion to seal (ECF 16 at 2), Plaintiff provides no rationale for sealing the case. Courts have discretion to seal cases or filings but must balance the strong presumption of public access to judicial records with particular reasons for sealing documents. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–19 (5th Cir. 2021). Plaintiff provides no basis for sealing the case and the Court does not find the need for additional protections beyond those already in place in Social Security cases.

For these reasons, the Court RECOMMENDS that Plaintiff's Motion To Proceed In Forma Pauperis On Appeal and Motion to Seal (ECF 16) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

---

[3] Plaintiff's application may not accurately represent his income because he labeled his employment as "confidential" and "self-employed," and he has a documented history of inflating his reported income due to his schizophrenia, as mentioned *supra*, note 2.

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 06, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge