United States District Court
Southern District of Texas

**ENTERED**

July 30, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TUNJI JEMI-ALADE III, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-03176 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| Defendant. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Tunji Jemi-Alade III proceeds here *pro se*. He filed this lawsuit, seeking judicial review of the decision by the Administrative Law Judge that he wasn't required to reimburse the Social Security Administration for purported overpayment of benefits. Dkt 8. The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 5.

Plaintiff framed his complaint as a request for judicial review. But he ultimately seeks a determination he isn't disabled, along with an order that the SSA provide him documents allowing him to access a bank account in his name. Dkt 8 at 4–5. Prior order dismissed Plaintiff's claims for failure to exhaust administrative remedies. Dkt 14. Final judgment entered on that basis. Dkt 15.

Pending is a motion by Plaintiff for leave to appeal *in forma pauperis* and to seal the matter. Dkt 16. Judge Bryan recommends that the motion to proceed IFP on appeal should be denied because any appeal is "not taken in good faith" in light of Plaintiff's failure to exhaust the SSA's administrative process. Dkt 17 at 1–3, citing Federal

Rule of Appellate Procedure 24(a). She also recommends that the motion to seal should be denied because he provides no basis for such request. Id at 4.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed an "affidavit to proceed with finder of facts." Dkt 18. The assertions are quite muddled but will be construed as objections to the M&R. Plaintiff takes issue with the recommendation that he should be denied IFP status because "the appeal is not taken in good faith" under Federal Rule of Appellate Procedure 24(a)(3). Id at 3–4. He appears to argue that he should be given leave to proceed on appeal IFP because he was granted IFP status at the outset of this action. Ibid; see Dkt 1. He also requests that the action be sealed. Id at 6–7.

Upon *de novo* review and determination, Plaintiff's objections wholly lack merit.

Rule 24(a)(4) allows a district court to deny a motion to proceed IFP on appeal if "the appeal is not taken in good faith." See also 28 USC §1915(a)(3). And an appeal is taken *in good faith* if a party seeks appellate review on a legal point arguable on its merits such that it isn't frivolous. *Howard v King*, 707 F2d 215, 219–20 (5th Cir 1983). The motion doesn't at all address the basis on which this action was dismissed, being Plaintiff's failure to exhaust the SSA's administrative processes as required to seek judicial review of the SSA decision. See Dkt 13 at 4–5. Instead, the one-paragraph motion raises "technical issues" irrelevant to the dispositive exhaustion determination. See Dkt 16. As such, the well-reasoned Memorandum and

2

Recommendation correctly concluded that the motion fails to identify any non-frivolous appellate issues that might warrant IFP status on appeal. Dkt 17 at 3.

The objection regarding the motion to seal also fails to articulate any coherent rationale for such relief. Nor do the objections otherwise demonstrate any legal error on the part of the Magistrate Judge.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 18.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 17.

The motion by Plaintiff Jemi-Alade III to proceed *in forma pauperis* on appeal is DENIED. Dkt 16.

The motion by Plaintiff Jemi-Alade III to proceed under seal is DENIED. Dkt 16.

SO ORDERED.

Signed on ___July 30, 2026___, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge